**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
ROBERT R. SALAZAR and MIRIAM GONZALEZ,

                      Plaintiffs,

        -against-

UNITED STATES OF AMERICA,

                      Defendant.

---------------------------------------------------------------x

17-CV-3645 (GBD) (OTW)

**OPINION AND ORDER**

**ONA T. WANG, United States Magistrate Judge.**

On May 14, 2018, Plaintiffs filed letters addressed to me (ECF 41) and to Judge Daniels (ECF 42), seeking my recusal on grounds that my husband's occupation as a doctor—and his local hospital affiliations—should disqualify me from presiding over a medical malpractice case.

For the reasons discussed below, Plaintiffs' request is denied.

**Background**

The Amended Complaint alleges that Mr. Salazar was a patient at the VA New York Harbor Healthcare System (the "VA Hospital") and that personnel at the VA Hospital failed to timely diagnose and treat him for lung cancer after a chest X-ray in 2015.

Plaintiffs' submission makes several unsupported factual allegations regarding my husband, "Dr. SL," that appear to be the result of an internet search of my name, followed by an internet search of Dr. SL's relatively common[1] name. While facially laudatory of Dr. SL's accomplishments as a "well[-]respected orthopedic surgeon," Plaintiffs suggest that my

---

[1] Indeed, Dr. SL is commonly mistaken for another Asian-American orthopedic surgeon of the same name who practices blocks away from him in Manhattan, in the same subspecialty.

impartiality might reasonably be questioned by virtue of my status as Dr. SL's wife, notwithstanding Plaintiffs' acknowledgement that I would "do [my] best to be impartial," (ECF 41 at 3), and even without regard to whether Dr. SL himself harbors (or appears to harbor) any loyalties or biases.

Specifically, Plaintiffs allege that Dr. SL was affiliated with NYU Medical Center at some undefined time in the past, and that the individual doctors who are witnesses in this case were, in 2015 and 2016, affiliated with NYU Medical Center. Plaintiffs also allege that Dr. SL is currently affiliated with New York Presbyterian Medical Center ("NYP"), and that NYP "maintains a current affiliation with the VA medical system whereby residents and medical students rotate through the institutions[2] and receive instructions from attending physicians." (ECF 41 at 2).

Plaintiffs further complain that these facts and others[3] were not "disclosed" when the matter was first assigned to me and assert that counsel should have had the opportunity to ask me whether I would be "influenced by [my] husband's activities." (ECF 41 at 3). Plaintiffs do not cite to any legal authority to support their request for recusal.

---

[2] It is unclear from Plaintiffs' submission whether they mean that residents and medical students at the VA Hospital rotate through NYP or whether residents and medical students at NYP rotate through the VA Hospital; in any event, only orthopedic surgery residents rotate with orthopedic attending surgeons like my husband.

[3] Plaintiffs make other factual assertions that are so generalized that they could apply to any medical professional working in an academic medical setting, such as authorship of journal articles and book chapters, and outside income derived from medical healthcare companies. Plaintiffs also make erroneous factual assertions regarding the length of my marriage, Dr. SL's fellowship training, and speculate that Dr. SL "[m]ost likely rotated through the VA at that time." (ECF 41 at 2). Plaintiffs make no attempt to tie any of *these* allegations to the VA Hospital or the parties in this case, and thus these allegations, whether or not they are accurate, are irrelevant to the analysis.

**Legal Framework**

The test for recusal under 28 U.S.C. § 455(a) is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted). "The Second Circuit has made clear that '[t]he judge presiding over the case is in the best position to appreciate the implications of those matters alleged in a recusal motion.'" *Fifty-Six Hope Road Music Ltd. v. UMG Recordings, Inc.*, 08-cv-6143, 2011 WL 6153708, at *3 (S.D.N.Y. Dec. 7, 2011) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)); *see Ramirez v. United States*, 10-cv-4343, 2012 WL 3834675, at *1 (S.D.N.Y. Aug. 22, 2012) (recusal motions are determined by the judge who is being asked to recuse herself). "A movant must overcome a presumption of impartiality, and the burden of doing so is substantial" and cannot be met by "vague contentions." *Ramirez*, 2012 WL 3834675, at *1 (internal quotation marks omitted; quoting *Thomas v. Trustees for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998)).

"The [Second Circuit] has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Barnett v. United States*, 11-cv-2376, 2012 WL 1003594, at *1 (S.D.N.Y. March 26, 2012) (internal quotation marks omitted) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). Where the standards governing disqualification are not met, "disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d at 201; *see also*

*In re Drexel Burnham Lambert*, 861 F.2d at 1312 ("A judge is as much obliged not to recuse [herself] when it is not called for as [s]he is obliged to when it is.").

**Discussion**

Plaintiffs have failed to carry their substantial burden of overcoming the presumption of this Court's impartiality. Plaintiffs have not alleged—nor is there any basis to infer—that Dr. SL was involved in Mr. Salazar's care, that he knows any of the professionals who treated him, that he practiced at the VA Hospital in 2015 or 2016 (or, indeed, at any time), or that he is even aware of the circumstances of this case. Further, Dr. SL practices orthopedic surgery limited to the upper extremity and completed his orthopedic hand surgery fellowship at NYU twelve years before Mr. Salazar's chest X-ray at the VA Hospital.

As the Seventh Circuit has noted, the care with which the recusal rules were crafted should lead any judge to "hesitate to treat the general language of § 455(a) as a bar to judicial service whenever a relative has 'something to do with' a party." *In re Nat'l Union Fire Ins. Co. of Pittsburgh*, 839 F.2d 1226, 1229 (7th Cir. 1988). Indeed, cases involving significantly closer associations than my husband's alleged hospital affiliations have been held insufficient to warrant recusal under § 455(a). *See, e.g.*, *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 916–27 (2004) (Scalia, J., Memorandum) (declining recusal in case involving official action of Vice-President Cheney where Justice maintained personal friendship with Vice-President Cheney; collecting historical examples where Supreme Court Justices did not recuse from cases where personal friends were named in official capacity in cases before Supreme Court); *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (Rehnquist, C.J., Statement) (declining to recuse from Microsoft antitrust case under §§ 455(a) or (b) where son represented

4

Microsoft in other antitrust matters that were potentially affected by case's outcome; "[e]ven assuming that my son's nonpecuniary interests are relevant under the statute, it would be unreasonable and speculative to conclude that the outcome of any Microsoft proceeding in this Court would have an impact on those interests when neither he nor his firm would have done any work on the matters here"); *Perry v. Schwarzenegger*, 630 F.3d 909, 911–12; 915–16 (9th Cir. 2011) (denying recusal in case involving same-sex marriage where Judge Reinhardt's wife, both individually and as Executive Director of the American Civil Liberties Union of Southern California, publicly expressed views in support of same-sex marriage); *In re Nat'l Union Fire Ins. Co. of Pittsburgh*, 839 F.2d at 1229–30 (recusal unnecessary under § 455(a) where defendant retained judge's son as counsel in an unrelated matter); *Gench v. Hostgator.com*, LLC, 14-cv-3592, 2015 WL 4579147, at *2 (S.D.N.Y. July 29, 2015) ("Certainly here, then, where the undersigned's spouse, [an attorney], has not represented any of the parties to this litigation, no 'reasonable person, who knows and understands all the relevant facts, would conclude that the court's impartiality might reasonably by questioned'"); *Riola v. Long Island Cycle & Marine, Inc.*, 352 F. Supp. 2d 365, 366–67 (E.D.N.Y. 2005) (denying recusal motion where magistrate judge had served in the United States Attorney's Office with defendant's counsel ten years prior and had occasionally participated in the same social events as colleagues); *Canino v. Barclays Bank, PLC*, 94-cv-6314, 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998) (recusal was unwarranted where plaintiff claimed that "the Judge's husband is a partner in a firm which represented Defendant and that, as a result of this relationship, she and her husband benefited from fees from that client, and thus that her impartiality might reasonably be questioned"); *Bailey v. Broder,* 94-cv-2394, 1997 WL 73717 (S.D.N.Y. Feb. 20, 1997) (denying defendant's motion for recusal where

magistrate judge twice had lunch with plaintiff's counsel and shared cocktails with him and his wife at a judicial conference); *see also United States v. Dandy,* 998 F.2d 1344, 1349–50 (6th Cir. 1993) (judge's social acquaintance with government witness who did not have a personal stake in the outcome of the case did not require recusal from criminal prosecution); *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 102, 104 (5th Cir. 1975) (judge's acquaintance with several of the defendants as well as with defense counsel did not require recusal).

As a final matter, notwithstanding Plaintiffs' insinuation that I should have disclosed my husband's professional affiliations so that they could have an "opportunity for inquiry into whether Judge Wang would or would not be influenced by her husband's activities," they should rest assured that my husband's occupation will not in any way prevent me from carrying out my official duties consistent with the oath I took upon my appointment, to "administer justice without respect to persons, and do equal right to the poor and the rich, and . . . [to] faithfully and impartially discharge and perform all the duties incumbent upon me." 28 U.S.C. § 453. Plaintiffs "are entitled to an unbiased judge; not to a judge of their choosing." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312; *see also Hoffenberg v. United States*, 333 F. Supp.2d 166, 173 (S.D.N.Y. 2004) (a recusal motion should not be used as a strategic judge-shopping device).

To paraphrase the late Stephen Reinhardt: my husband's views as to any issues that may come before this Court are of no consequence. He is a strong, independent man who has long fought for the principle, among others, that women should be evaluated on their own merits and not judged in any way by the deeds or position in life of their husbands. I share that view and, in my opinion, it reflects the status of the law generally, as well as the law of recusal,

6

regardless of whether the spouse or the judge is the male or the female. *See Perry v. Schwarzenegger*, 630 F.3d at 911.

**Conclusion**

Plaintiffs' request for an order of recusal is hereby **DENIED.**

Plaintiffs' application to cancel the Settlement Conference scheduled for May 22, 2018 at 2:00 p.m. (ECF 43) is denied. Plaintiffs' deadline to provide their pre-Settlement Conference submission in accordance with my Individual Practices is extended, *nunc pro tunc*, from May 15, 2018 to close of business on May 17, 2018.

**SO ORDERED.**

Dated: New York, New York
      May 16, 2018

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge