# Gary A. Barbanel
ATTORNEY AT LAW
270 MADISON AVENUE, SUITE 1203
NEW YORK, NY 10016
TEL: (212) 685-5391
FAX: (646) 912-9495
E-MAIL: g.barbanel@att.net

February 5, 2019

Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street,
New York, NY 10007-1312

Re: **Salazar v. USA, 17cv3645 (GBD)**

Dear Judge Daniels:

I represent the Plaintiff in the above case and I submit this letter motion pursuant to FRCP 16 (b) (4) to modify this Court's prior scheduling Order, and to amend/supplement answers to interrogatories, and to amend/supplement the proposed pre-trial Order (ECF 53) and to reopen discovery and to allow Plaintiff's filing of Motion for Summary Judgment. Plaintiff requests oral argument.

Plaintiff cites the criteria set forth in **Bakalar v. Vavra,** 851 F. Supp 2nd 489 (SDNY, 2011) regarding reopening discovery, discussed further below.

As the Court is aware, Plaintiff Salazar died on August 28, 2018. Under FRCP 17 (b) and New York State CPLR section 1015, his widow is entitled to be substituted in his capacity as party plaintiff and the action survives for the benefit of damages prior to his death and to the benefit of his distributes on account of his death.

Inasmuch as a change of circumstances has now occurred, Plaintiff seeks to amend and supplement information previously disclosed, as well as to submit further expert and lay witness identification. For example, Plaintiff has retained and seeks to produce testimony from an economist regarding the economic value of Ms. Gonzalez's damages for loss of services and consortium on account of her husband's death. This would not have occurred had Mr. Salazar not died.

Likewise, certain other witnesses, both experts and lay witnesses have been retained to present evidence, either as witnesses in plaintiff's case in chief, or as rebuttal witnesses on issues regarding the death of Mr. Salazar and damages to Ms. Gonzalez since August 28, 2018. Since the Complaint will be amended to add an additional count for damages resulting in Mr. Salazar's wrongful death, it seems elementary that prior Orders and discovery need amending.

Amended/Supplemental Answers to Interrogatories will spell out specifically those damages and identify the witnesses plaintiff proposes to produce to so testify. Plaintiff is willing to submit all additional witnesses, including Ms. Gonzalez, for depositions should defendant so request.

Plaintiff additionally seeks to re-open discovery to depose defendant's expert, Dr. Saxena inasmuch as undersigned counsel is reasonably certain that he will adhere to what is written in his reports. That being so, undersigned counsel is reasonably confident that a valid and meritorious motion for Summary Judgment on the issue of causation will be dispositive of the contested liability issue in this case, the only remaining issue for Trial being the damages herein.

As mentioned above, **Bakalar** sets forth certain criteria regarding Rule 16 (b) (4) motions. Plaintiff contends there is no prejudice to the defendant with respect to these issues. No trial date is imminent. Plaintiff was diligent in pursuing discovery previously, (in fact Plaintiff was more than diligent to depose hospital personnel regarding departures although VA officials already knew those issues from documentation in their own records) and there was no foreseeability for the need for this additional discovery when Mr. Salazar was alive and wanting to attend Trial.

Finally, also as stated above, Plaintiff contends that there is a substantial likelihood that the reopening of discovery will lead to the granting of summary judgment for the Plaintiff disposing of the liability issue for the Court.

These are the criteria listed in the case law, the only one not present is my adversary's consent. Plaintiff cannot think of any legitimate reason for defendant's refusal to consent.

I will be out of the country February 11-22, 2019. There is a Court conference set for February 27, 2019 which I will attend. I will be prepared to argue these matters on that day or on any other day convenient with the Court and counsel.

I thank the Court for its consideration.

Respectfully,

Gary A. Barbanel

Cc: Rachael Doud, AUSA
(via ECF)