

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

February 8, 2019

**BY ECF**

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Robert Salazar and Miriam Gonzalez v. United States*,
             17 Civ. 3645 (GBD) (OTW)

Dear Judge Daniels:

      This Office represents the United States of America in the above-referenced case, in which Plaintiffs allege that the United States was negligent in failing to timely diagnose Plaintiff Robert Salazar's lung cancer while he was receiving medical care at the U.S. Department of Veterans Affairs, New York Harbor Healthcare System. I write in response to Plaintiffs' letter dated February 1, 2019, requesting an order from the Court permitting Plaintiffs to file an amended complaint (Dkt. No. 70), and Plaintiffs' letter dated February 5, 2019, seeking to reopen discovery.[1] For the reasons discussed below, the United States may be amenable to Plaintiffs amending their complaint for the limited purpose of changing the case caption and adding a wrongful death cause of action, but cannot consent to the filing of an amended complaint without first seeing the changes Plaintiffs propose. The United States intends to oppose Plaintiffs' request to reopen discovery in order to take extensive additional discovery that Plaintiffs offer no excuse for failing to take during the allotted time, as well as their request to file a motion for summary judgment months after the deadline for doing so.

      **Plaintiffs' Request to Amend the Complaint**

      As an initial matter, it is unclear whether Plaintiffs intend for their letter, which is docketed as a letter motion, to serve as a motion to amend the complaint or a request for a pre-motion conference. If the former, Plaintiffs' letter is improper because it contains virtually none of the components required of a motion by the Federal Rules of Civil Procedure and the Local Rules — indeed, it fails even to include the proposed amended pleading. *See* Fed. R. Civ. P. 7(b)(1); Local

---

[1] While Plaintiffs addressed these letters to Your Honor, the matters appear to fall within the Court's March 19, 2018, referral to Judge Wang for General Pretrial, "include[ing] scheduling, discovery, [and] non-dispositive pretrial motions." (Dkt. No. 27.) The United States has addressed its response to Your Honor because Plaintiffs did so in their letters, but will redirect this letter to Judge Wang if so directed.

Civ. Rule 7.1; *see also* S.D.N.Y. ECF Rule 13.1 (listing permitted letter motions).[2] If the latter, Plaintiffs' letter is improper because it does not request a conference or seek leave to file a motion to amend the complaint,[3] and because Your Honor's Individual Rules and Practices ("Individual Practices") do not, at any rate, require pre-motion conferences for motions to amend. *See* Individual Rules and Practices of Judge George B. Daniels, Section IV.

With regard to the substance of Plaintiffs' February 1, 2019, letter, on December 26, 2018, during the lapse in Government funding (*see* Dkt. No. 65), Plaintiffs' counsel sent the United States a letter by mail asking that the United States sign a proposed stipulation to amend the complaint to change the case caption and add a wrongful death cause of action. The letter enclosed a hard copy of the proposed amended complaint, but did not include a redline reflecting the changes Plaintiffs proposed to make. With the same letter, Plaintiffs enclosed the report of an expert whom Plaintiffs did not identify during the course of expert discovery, which closed on June 18, 2018, or in the parties' Proposed Joint Pre-Trial Order, filed on August 9, 2018 (Dkt. No. 53), but whom Plaintiffs stated in their December 26, 2018, letter "will testify as an expert witness on behalf of plaintiff regarding the issues in this case." In response to Plaintiffs' December 26, 2018, letter, I informed Plaintiffs' counsel that the United States was in theory amenable to agreeing to allow Plaintiffs to amend the complaint to change the caption and add a wrongful death cause of action, but because the proposed amended complaint appeared to contain other changes, I requested to see a redline comparing the amended complaint to the original complaint.[4] Additionally, I requested that Plaintiffs include in the proposed stipulation a provision indicating that, by agreeing that Plaintiffs could amend the complaint for the specified limited purposes, Defendants did not consent to reopen discovery. Plaintiffs' counsel refused to include such a provision in the stipulation or to provide a redline of the proposed amended complaint, and instead filed Plaintiffs' letter with the Court.

---

[2] Such components would include, for example, a declaration certifying that the documents included with Plaintiffs' letter are true and correct copies of the relevant documents. *See* Local Rule 7.1(a)(3).

[3] As discussed in more detail below, trial in this case was previously scheduled for September 4, 2018, but, on August 28, 2018, was adjourned due to Mr. Salazar's death. (*See* Dkt. No. 62). Accordingly, the case is well past the point when a party may amend its pleading as a matter of course. *See* Fed. R. Civ. P. 15. While Plaintiffs do not cite the Federal Rules of Civil Procedure, and instead attempt to rely on the New York Civil Practice Law and Rules, they appear to recognize that they cannot amend their complaint without the United States' written consent or leave of the Court, upon notice and motion. *See also* Fed. R. Civ. P. 25(a) (substitution in case of death).

[4] Though not required by Your Honor's Individual Practices, such a request is reasonable and commonly imposed by judges in this district. *See, e.g.*, Individual Practices of Hon. Valerie Caproni, § 1.F ("If the Plaintiff moves for leave to amend its pleading, the Plaintiff must include as an exhibit to its motion a redlined version of the proposed amended pleading comparing the proposed revisions to the prior version of the pleading."); Individual Practices of Hon. Paul G. Gardephe, § 6.C ("Courtesy copies of amended pleadings should be accompanied by a blackline showing all changes from the previously filed pleading.").

As conveyed to Plaintiffs' counsel, the United States would be amenable to agreeing to allow Plaintiffs to amend their complaint for the limited purpose of changing the caption and adding a wrongful death cause of action. Additionally, as discussed in more detail below, whether or not Plaintiffs amend the complaint, the United States does not consent to reopening discovery to permit Plaintiffs to serve the additional expert report, or for the other purposes they appear to contemplate.

## **Plaintiffs' Request to Re-Open Discovery and Move for Summary Judgment**

Like Plaintiffs' February 1, 2019, letter, their February 4, 2019, letter does not make clear whether it is intended to serve as a motion to re-open discovery or a request for a pre-motion conference, particularly as the letter is docketed as neither, but instead as a "Letter Motion for Oral Argument." Because Your Honor's Individual Practices require pre-motion conferences for discovery motions, *see* Section IV.A, the United States will treat Plaintiffs' letter as a request for a pre-motion conference. The United States will be prepared to address Plaintiffs' anticipated motion in more detail at that conference, but a brief response to the points in Plaintiffs' letter is set forth below.

Plaintiffs filed this suit on May 15, 2017. Over the course of the following year, the parties engaged in extensive discovery, including eleven fact depositions, the exchange of reports from each parties' expert witnesses, and the United States' depositions of the two expert witnesses Plaintiffs identified. Plaintiffs chose not to depose the United States' expert, Dr. Ashish Saxena. Discovery closed on June 18, 2018. (Dkt. No. 47.) The Court's scheduling order provided that dispositive motions, if any, were to be filed by July 18, 2018. (*Id.*) Plaintiffs elected not to file any dispositive motion, and trial was scheduled for September 4, 2018. (July 11, 2018, Minute Order.) On August 9, 2018, the parties filed their Proposed Joint Pre-Trial Order. (Dkt. No. 53.) In summarizing their claims, Plaintiffs alleged that "the defendant, through its medical employees, failed to diagnose Mr. Salazar with clinical stage 1 lung cancer in October 2015 and as a result of such failure, Mr. Salazar was deprived of treatment which more likely than not would have yielded a high cure rate." (*Id.* at 2.) Plaintiffs asserted that Mr. Salazar's cancer had "since progressed to incurable Stage IV," and that the alleged delay in diagnosis "more likely than not was a proximate cause of [this] worsened prognosis." (*Id.*) Plaintiffs further alleged that "Plaintiff Miriam Gonzalez is Mr. Salazar's wife and she has sustained loss of services damages." (*Id.*) Plaintiffs designated one expert witness, Dr. Edward Gelmann, an oncologist. (*Id.* at 8.) On August 28, 2018, one week before trial was scheduled to begin, Plaintiffs' counsel informed the Court that Mr. Salazar had been hospitalized and was not expected to survive the week, and trial was adjourned to permit Ms. Gonzalez to apply to the surrogate's court to be appointed as executrix of her husband's estate. (*See* Dkt. No. 62; Dkt. No. 64) On December 31, 2018, Plaintiffs' counsel informed the Court that that process is complete. (Dkt. No. 64.)

Plaintiffs now seek to reopen discovery for broad purposes, including deposing an unidentified number of additional fact witnesses, designating an unidentified number of additional expert witnesses, and deposing the United States' expert witness, whom they previously elected not to depose. Plaintiffs also request leave to move for summary judgment, which they previously elected to forego. Plaintiffs have failed to articulate, much less substantiate, why they are entitled to this radical relief at the point when the case is ready for trial and where the only intervening event was the anticipated passing of Mr. Salazar.

While Plaintiffs suggest "it seems elementary" that they should be granted the relief they seek (Dkt. No. 71 at 1), a party seeking to alter the discovery deadlines set by the Court bears the burden of showing good cause for doing so. *See* Fed. R. Civ. P. 16(b)(3)(A); *McKay v. Triborough Bridge and Tunnel Auth.*, No. 05 Civ. 8936 (RJS), 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007). In order to make this showing, "[t]he moving party must show that even if it had exercised diligence, it could not have met the deadline set by the court." *Lopez v. Ramos*, No. 11 Civ. 7790 (NSR), 2013 WL 6912692, at *4 (S.D.N.Y. Dec. 30, 2013). Although "the primary consideration is whether the moving party can demonstrate diligence," *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007), other factors that courts in this Circuit consider in determining whether to modify a scheduling order by reopening discovery include "(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the non-moving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence." *Jeannite v. City of N.Y. Dep't of Bldgs.*, No. 09 Civ. 3464 (DAB) (KNF), 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010). Each of these factors weighs against permitting Plaintiffs to reopen discovery.[5]

First, Plaintiffs have not made any showing that they exercised diligence but were unable to meet the original discovery deadline or that the discovery they now seek was unforeseeable. Indeed, Plaintiffs have largely failed to articulate what additional discovery they purportedly need, much less why that discovery is relevant or they could not have foreseen the need for that discovery prior to the deadline, many months ago. As an initial matter, while claiming to need to depose multiple additional fact witnesses, Plaintiffs neither identify any such witnesses, nor explain the sudden need for their testimony. Similarly, Plaintiffs state that they have retained multiple additional expert witnesses but identify only one—an expert who would purportedly opine on the economic value of Ms. Gonzalez's claim for loss of services and consortium.[6] Ms. Gonzalez has asserted a loss of services and consortium claim throughout the case, however, and Plaintiffs took the position before Mr. Salazar passed away that his condition was incurable. Indeed, the initial trial date was set based on Plaintiffs' representation that Mr. Salazar might have a very short life expectancy at that point. (*See* Transcript of July 11, 2019, Status Conference at 4-5.) Accordingly, there is no reason Plaintiffs could not have identified the purported need for this expert before or during the period for expert discovery. Plaintiffs' need for this expert is also undermined by the

---

[5] The sole case Plaintiffs cite merely serves to highlight this point—in *Bakalar v. Vavra*, the court denied defendants' motion to reopen discovery after a bench trial, appeal, and remand, to present testimony from two additional expert witnesses, on the ground that defendants could have identified the need for the experts during the allotted time and therefore failed to establish diligence. 851 F. Supp. 2d 489, 493-94 (S.D.N.Y. 2011), *aff'd*, 500 F. App'x 6, 9 (2d Cir. Oct. 11, 2012).

[6] The additional expert whom Plaintiffs purported to designate in their December 26, 2018, letter to the United States is a radiologist, who, based on the enclosed report, would apparently be expected to opine on Mr. Salazar's October 7, 2015 chest x-ray and respond to the opinions of the United States' expert, Dr. Ashish Saxena, regarding that x-ray, all of which were available well in advance of the close of discovery eight months ago. This proposed expert's testimony has no connection whatsoever to the fact that Mr. Salazar has now passed away, and Plaintiffs have offered no reason they could not have identified this expert during the discovery period.

fact that Mr. Salazar retired several years before the events at issue in this lawsuit, and Ms. Gonzalez has never identified or sought economic damages arising from her loss of consortium claim. *See generally* United States' Pretrial Memorandum (Dkt. No. 59), at 17-18. Plaintiffs also offer no justification for their untimely request to reopen discovery to depose the United States' expert, despite previously electing not to.

Second, the case is ready for trial, Plaintiffs' request is opposed, and allowing Plaintiffs to effectively redo discovery would be extremely prejudicial to the United States, which would need to engage in costly and burdensome additional discovery to respond to Plaintiffs' new requests and depose their new expert witness(es), and would suffer significant additional delay. *See, e.g.*, *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 648 (denying defendants' request to introduce testimony of previously unidentified expert at trial because, "[t]o reopen discovery to address a new subject and to require Defendants to investigate [the expert's] qualifications . . . at this late date would prejudice Defendants and unduly delay a final resolution of this matter."). Moreover, any relevance of the discovery now sought is only by virtue of Plaintiffs' own failure to timely take discovery during the entire year it was permitted, and it is Plaintiffs — not the United States — who must bear the consequences of that decision.

Finally, in addition to seeking to reopen discovery, Plaintiffs assert in their letter that they are "reasonably confident that a valid and meritorious motion for Summary Judgment on the issue of causation will be dispositive of the contested liability issue in this case." (Dkt. No. 71 at 2.) Plaintiffs offer no reason they could not have made such a motion during the allotted time, and none is apparent since the relevant facts and law impacting any causation determination in this matter have not changed as a result of the anticipated passing of Mr. Salazar. Accordingly, Plaintiffs cannot demonstrate good cause in support of their request to alter the scheduling order for this purpose, either. *See, e.g.*, *Chin Yong Kim v. Napolitano*, No. 16 Civ. 9516, 2018 WL 5818095, at *1 (S.D.N.Y. Aug. 17, 2018) (plaintiff who failed to move for summary judgment or seek extension prior to deadline failed to demonstrate good cause to modify schedule to permit him to file motion). Moreover, any such summary judgment motion would inevitably come down to an assessment of competing expert opinions — *i.e.*, the weighing of expert testimony that is committed to the finder of fact. *See In re Celestica Inc. Sec. Litig.*, No. 07 Civ. 312 (GBD), 2014 WL 4160216, at *13 & n.16 (S.D.N.Y. Aug. 20, 2014) (denying summary judgment as to causation because "the general rule is that courts should not grant summary judgment when the parties produce competing expert analyses"); *see also Nimely v. City of New York*, 414 F.3d 381, 397-98 (2d Cir. 2005) ("It is a well-recognized principle of our trial system that 'determining the weight and credibility of [an expert witness'] testimony . . . belongs to the jury . . . .").

        We thank you for your attention to this matter.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By: /s/ Rachael L. Doud
     RACHAEL L. DOUD
     ANTHONY J. SUN
     Assistant United States Attorneys
     86 Chambers St., 3rd Floor
     New York, New York 10007
     (212) 637-3274/2810

cc:    Counsel of record (by ECF)