# GARY A. BARBANEL
ATTORNEY AT LAW
270 MADISON AVENUE, SUITE 1203
NEW YORK, NY 10016
TEL: (212) 685-5391
FAX: (646) 912-9495
E-MAIL: g.barbanel@att.net

February 10, 2019

Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street,
New York, NY 10007-1312

Re: **Salazar v. USA, 17cv3645 (GBD)**

Dear Judge Daniels:

I represent the Plaintiff in the above case and I submit this brief response in rebuttal to defense counsel's letter of February 8, 2019, (ECF 72).

Plaintiff has supplied the proposed Amended Complaint to defense counsel redlining the changes. The only changes/additions were with respect to the count for Wrongful Death and to address Mr. Salazar as "Plaintiff's decedent", instead of merely "plaintiff", and to note the undisputed facts that Mr. Salazar died, and Ms. Gonzalez has been appointed as his Executrix.

Plaintiff does not seek to reopen discovery for "broad" purposes. Plaintiff merely seeks to disclose the names and addresses of a limited number of witnesses, two of whom would not and could not be identified because their testimony would not be ascertained until after Mr. Salazar died and the other two to serve, as either witnesses in chief or rebuttal witnesses.

Of the first two, one is expert economist, Michael Soudry, Ph.D. He would not be able to present his economic analysis of the value of the losses to Ms. Gonzalez without knowing the date Mr. Salazar died. The second witness is lay witness, Carlos Mateo, a family friend for over 50 years, whose proposed testimony will be the damages to Ms. Gonzalez that he has observed since her husband has died.

With respect to the other two, defense counsel has been furnished the CV and report of radiologist. If not testifying in Plaintiff's case in chief, said expert will testify in rebuttal pursuant to FRCP 26 (a)(2)(D)(ii). Likewise, for plaintiff's expert in the field of Thoracic Oncology Surgery.

Although not required to do so, plaintiff will make all such witnesses available for deposition with all deliberate speed.

With respect to Dr. Saxena, plaintiff is available to depose him at whatever time and date he and counsel are available for no more than approximately one hour. The purpose is to streamline and expedite the issues pre-trial and if necessary, for Trial. In fact, presently pending is plaintiff's motion to preclude Dr. Saxena from testifying at all. Should the Court defer deciding that motion until Trial, the deposition testimony will clearly lead to relevant evidence, i.e. defendant's expert opinions regarding the staging of cancer by the requisite legal standard, and not by possibilities not contemplated by case law.

Plaintiff was unable to depose this doctor previously due to scheduling issues and the need to present Mr. Salazar in person at Trial prior to his demise. "Good cause" is a subjective term within the Court's discretion and Plaintiff asks, in the interest of justice, to allow this deposition. Absolutely no prejudice inures to the defendant, since they would have had to produce him anyway to deliver the same testimony previously. There is no Trial date pending. The matter has been adjourned *sine die*. (ECF 62).

In opposing this relief, Ms. Doud, relies on the twin shibboleths of Time and Expense. "Oh no, Judge, Plaintiff should not be allowed this relief, because it will unduly delay final resolution of the matter and it will necessitate defendant having to engage in costly and burdensome additional discovery."

The defendant's office here had no trouble asking Your Honor for a delay of the Trial for 4-5 months due to Ms. Doud's maternity leave. Likewise, they had no problem with a delay when the Surrogates Court of Queens County was processing the appointment of the Executrix. (It was undersigned counsel who called everyday to secure the documentation). Neither did they cry and scream when they were furloughed during the government shutdown, that Ms. Gonzalez was delayed getting her case to Trial. They had no difficulty waiting until July, 2018 to admit that lung cancer could have been diagnosed in Mr. Salazar in October, 2015 on account of the hospital's malpractice and departures when the hospital's own records outline and document a meeting in August, 2016 admitting the departures.

Indeed, rather it was the plaintiff here that had to incur unnecessary, costly and burdensome costs here, taking unnecessary depositions of VA personnel and hiring and representing emergency room expert witnesses. It is somewhat ludicrous for this defendant to complain about future possible costs and delays given what has already occurred.

I thank the Court for its consideration.

Respectfully,

Gary A. Barbanel

Cc: Rachael Doud, AUSA
(via ECF)

2