UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

MIRIAM GONZALEZ,

                         Plaintiff,

        -v-

UNITED STATES OF AMERICA,

                     Defendant.

-------------------------------------------------------- x

Case No. 17 Civ. 3645 (GBD) (OTW)


# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER AND AMEND THE JUDGMENT


GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274 / 2810
Fax: (212) 637-2786
E-mail: rachael.doud@usdoj.gov
        anthony.sun@usdoj.gov

RACHAEL L. DOUD
ANTHONY J. SUN
Assistant United States Attorneys
– Of Counsel –

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………1

BACKGROUND…………………………………………………………………………2

ARGUMENT……………………………………………………………………...5

      PLAINTIFF SETS FORTH NO VALID BASIS FOR RECONSIDERING OR
      ALTERING THE DAMAGES AWARD IN THIS CASE …………………….................5

   A.  Legal Standard………………………………………………………………………5

   B.  Plaintiff's Rule 52(a) Argument Does Not Provide a Basis for Altering or Amending
       The Judgment…………………...…………………………………………….........6

   C.  There Is No Basis for Increasing the Court's Pain and Suffering Award…………………9

   D.  There Is No Basis For Increasing the Court's Loss of Consortium Award……………...11

CONCLUSION……………………………………………………………………..14

# Table of Authorities

Page(s)

## Cases

*Corsair Special Situations Fund, L.P. v. Nat'l Res.*,
   595 F. App'x 40 (2d Cir. 2014) ............................................................................... 6

*Endo Pharm. Inc. v. Amneal Pharm., LLC*,
   No. 12-cv-8060 (TPG), 2016 WL 1732751 (S.D.N.Y. Apr. 29, 2016) .................................... 6

*Estate of Smith v. Hansen*,
   Index No. 88/80, JVR No. 118318, 1992 WL 550473 (N.Y. Sup. Ct., Madison Cty. 1992)…13

*Gonzalez v. N.Y.C. Housing Auth.*,
   77 N.Y. 2d 663 (1991) ......................................................................................... 13

*Griffin v. Wang, M.D., v. Berger, M.D.*,
   Index No. 307/93, JVR No. 150800, 1994 WL 812650 (N.Y. Sup. Ct., Nassau Cty. 1994) .. 13

*Henry v. Champlain Enterprises, Inc.*,
   445 F.3d 610 (2d Cir. 2006) ................................................................................... 8

*House v. Kent Worldwide Mach. Works, Inc.*,
   359 F. App'x 206 (2d Cir.2010) ............................................................................. 9

*In re Air Crash Near Nantucket Island*,
   307 F. Supp. 2d 465 (E.D.N.Y. 2004) ..................................................................... 10

*In re Johns–Manville Corp.*,
   759 F.3d 206 (2d Cir. 2014) ................................................................................... 6

*ING Global v. United Parcel Serv. Oasis Supply Corp.*,
   757 F.3d 92 (2d Cir. 2014) ............................................................................... 5, 10

*Malmberg v. United States*,
   816 F.3d 185 (2d Cir. 2016) ........................................................................... 2, 8, 9

*Mandel v. N.Y. Cty. Public Admin.*,
   29 A.D.3d 869 (2d Dep't 2006) ....................................................................... 10, 11

*Mann v. United States*,
   300 F. Supp. 3d 411 (N.D.N.Y. 2018) ........................................................... 10, 11, 13

*Miller v. Lasala*,
   Index No. 112084/99, JVR No. 376370, 2000 WL 1204414
   (Unknown N.Y. State Court 2000) ......................................................................... 13

*Moore v. M/V Angela*,
   353 F.3d 376 (5th Cir. 2003) ................................................... 10

*Morser v. AT&T Info. Sys.*,
   715 F. Supp. 516 (S.D.N.Y. 1989) ......................................... 6, 7

*Munafo v. Metro. Transp. Auth.*,
   381 F.3d 99 (2d Cir. 2004) ....................................................... 1

*Olsen v. Burns*,
   267 A.D.2d 366 (2d Dep't 1999) ........................................ 10, 11

*Proper v. Women Gynecology and Childbirth Associates, P.C.*,
   Index No. 5568/95, JVR No. 208455, 1997 WL 743888 (N.Y. Sup. Ct., Monroe Cty. 1997) 13

*Red Hook Container Terminal LLC v. South Pacific Shipping Co. Ltd.*, 15-cv-01483 (AJN),
   2019 WL 4509025 (S.D.N.Y. Sept. 19, 2029) ...................... 6, 7

*Reisner v. Taverna*,
   Index No. 9623/91, NR No. 157049, 1995 WL 536817 (N.Y. Sup. Ct., Nassau Cty. 1995) .. 13

*Tse v. New York Univ.*,
   No. 10-cv-7207 (DAB), 2016 WL 10907032 (S.D.N.Y. Oct. 13, 2016) ................................. 5

*United States v. Local 1804-1, Int'l Longshoremen's Ass'n*,
   831 F. Supp. 167 (S.D.N.Y.1993) ............................. 1, 5, 10, 113

*United States v. Rigas*,
   583 F.3d 108 (2d Cir. 2009) ..................................................... 5

*Zavaglia v. Sarah Neuman Ctr. for Healthcare and Rehabilitation*,
   883 N.Y.S.2d 889 (N.Y. Sup. Ct. Westchester Cty. 2009) ................................. 13

**Rules**

Federal Rule of Civil Procedure 52(b) ................................................... *passim*

Federal Rule of Civil Procedure 59(e) ................................................... *passim*

Defendant United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to Plaintiff's Motion to Alter and Amend Judgment Pursuant to Fed. R. Civ. P. 52(b) and 59(e).

## PRELIMINARY STATEMENT

Following a bench trial in this case, the Court issued a twenty-one page Memorandum Decision and Order awarding Plaintiff $975,233.75 in damages.  (Docket No. 126.)  Though not styled as a motion for reconsideration, Plaintiff now seeks to "alter and amend" the Court's judgment to increase the damages award by millions of dollars.  In particular, Plaintiff asserts that the award for pain and suffering should be increased from $850,000 to an amount in the "range" of approximately $1.6 million to $3.2 million, while the award for loss of consortium should be increased twentyfold from $50,000 to $1 million.[1]

Plaintiff has not identified any clear error of fact or law or "manifest injustice" that would justify such an alteration, however.  *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004); *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y.1993).  As Plaintiff acknowledges, in setting the pain and suffering award, the Court considered the evidence adduced at trial and awards in other cases.  Plaintiff does not identify any error in the Court's factual findings.  Instead, Plaintiff contends—rehashing an argument made in her pretrial filings (*see* Dkt. No. 104)—that the pain and suffering award in this case should have been calculated by taking the pain and suffering awards in the cases the Court cited and dividing them by the number of months after diagnosis and prior to death, to yield a higher

---

[1] Plaintiff also seeks to modify the characterization of an additional category of damages in the amount of $10,000 from "medical expenses" to "out-of-pocket expenses not covered by insurance."  As discussed below, the United States does not oppose that limited change.

monthly figure than awarded here.  Plaintiff cites no support for the proposition that damages

must be calculated in this manner, however, and it is contrary to precedent holding that "personal

injury awards, especially those for pain and suffering, are subjective opinions which are

formulated without the availability, or guidance, of precise mathematical quantification."

*Malmberg v. United States*, 816 F.3d 185, 198 (2d Cir. 2016).  The Court's award, which was

based on a reasoned assessment of the facts and the law, with the benefit of substantial briefing

from the parties, is not clearly erroneous and should not be disturbed.

Plaintiff also does not identify any valid basis for altering the Court's loss of consortium

award.  As Plaintiff's counsel himself previously recognized, he did not elicit any evidence on

this issue at trial.  (*See* Dkt. No. 113; Trial Tr. at 138:8-17.)  Particularly given Plaintiff's failure

to do so, the Court's award of $50,000 for loss of consortium, on top of the $55,000 to which the

parties stipulated for loss of services, was neither unjust nor erroneous, much less a clear error or

manifest injustice warranting a twenty-fold increase in that amount.

Plaintiff's motion is ultimately premised on a mere disagreement with the Court's

assessment of her damages and the implicit rejection of her proposed methodology for

calculating damages; such disagreement is insufficient to warrant relief under Rule 52(b) or

59(e).  Accordingly, with the exception of changing the characterization of the $10,000 award

for out-of-pocket expenses, which the United States does not oppose, Plaintiff's motion should

be denied.

## BACKGROUND

Plaintiff Miriam Gonzalez brought this suit on her own behalf and on behalf of her late

husband, Robert Salazar, alleging that the United States departed from the standard of care by

failing to diagnose Salazar's lung cancer in October 2015, when he was a patient at the United

States Department of Veterans Affairs New York Harbor Healthcare System ("VA").  Following

a two day bench trial held on June 17, 2019, and July 10, 2019, at which Gonzalez, two medical providers employed or previously employed by the VA, and experts for both sides testified, as well as multiple rounds of post-trial briefing and letters, on March 31, 2020, the Court issued a Memorandum Decision and Order finding for Plaintiff.  (Dkt. No. 126 ("Op.").)  The Court awarded Plaintiff a total of $975,233.75 in damages, consisting of $850,000 for Salazar's pain and suffering, $55,000 for Gonzalez's loss of services, $50,000 for Gonzalez's loss of consortium, $10,000 for medical expenses, and $10,233.75 for funeral expenses.[2]  The same day, the Court entered judgment for those amounts.  (Dkt. No. 127.)

In setting the amount of damages for pain and suffering, the Court made detailed factual findings, including that Salazar experienced certain symptoms after his lung cancer diagnosis including shortness of breath and fatigue; that he underwent 30 rounds of radiation treatment as well as chemotherapy; and that he developed paraneoplastic autoimmune syndrome, which forced him to rely on a feeding tube.  (Op. at 17-18.)  The Court also cited three other cases that applied New York law, involved a failure to diagnose lung cancer, and awarded pain and suffering damages.  The Court concluded that, "[u]pon reviewing the facts of and damages awarded in these cases, $850,000 is an appropriate award here for Salazar's pain and suffering." (*Id.* at 18.)

With regard to Gonzalez's claim for loss of consortium, the Court noted that "Plaintiff does not indicate . . . how much she is seeking for such loss," and that "counsel did not elicit testimony at trial on the issue of loss of consortium."  (Op. at 19.)  Indeed, Plaintiff's pre-trial

---

[2] The parties had stipulated that "if loss of services damages are awarded, the amount would be $55,000," and that "Plaintiffs' out of pocket expenses not covered by insurance amount to less than $10,000.00 in aggregate."   (Trial Tr. at 81:8-10; Facts Stipulated in Joint Pretrial Order ("JPTO") (Dkt. Nos. 53 & 110) ("Stip.") ¶ 34.)

memoranda did not specify the amount of damages Plaintiff was seeking.  (Dkt. Nos. 49 & 104.)

While Plaintiff's Statement of the Elements of Claims and Defenses indicated that Plaintiff was

seeking $6 million in damages for Salazar and $2 million for Gonzalez, it did not specify an

amount for loss of consortium specifically.  (Dkt. No. 108-1 at 5.)  Further, Plaintiff's counsel

conceded after Gonzalez testified at trial that he had failed to elicit any testimony regarding her

loss of consortium claim, and sought to have Gonzalez's deposition transcript introduced into

evidence to remedy that deficiency.  (Dkt. No. 113.)  When the Court questioned why

Gonzalez's deposition testimony should be admitted when she had had a full and fair opportunity

to testify at trial, however, Plaintiff's counsel withdrew the motion.  (Trial Tr. at 138:8-17.)

Despite Plaintiff's admitted failure to introduce any evidence on loss of consortium at trial, the

Court awarded $50,000 for loss of consortium, in addition to the $55,000 for loss of services,

based on the fact that Gonzalez "was married to Salazar for many decades."  (Op. at 19.)

On April 23, 2020, Plaintiff filed a motion to amend or correct the judgment pursuant to

Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure.  (Dkt. Nos. 128-133.)  On April

27, 2020, Plaintiff filed what appears to be a revised version of the motion.  (Dkt. No. 134.)[3]

Plaintiff argues that (i) the judgment should be altered to reflect that the $10,000 was for non-

medical out-of-pocket expenses, not medical expenses; (ii) the Court "failed to explain the

subsidiary facts and methodology underlying its damages awards for pain and suffering and loss

of consortium," as required by Rule 52(a) of the Federal Rules of Civil Procedure (Memorandum

of Law in Support of Motion to Amend or Correct ("Mem.") at 6); (iii) the pain and suffering

---

[3] It is unclear to what extent these filings are different but the United States responds to the more
recent version, filed on April 27, 2020.

award should be amended to "a sum within the range of $1,562,017.20 and $3,220,686.24" (*id.* at 11); and (vi) the loss of consortium award should be amended to $1 million.

## ARGUMENT

## PLAINTIFF SETS FORTH NO VALID BASIS FOR RECONSIDERING OR ALTERING THE DAMAGES AWARD IN THIS CASE

### A.  Legal Standard

Rule 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly."  "The purpose of post-judgment motions under Rule 52(b) is to give the district court an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence." *Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. at 169.  "This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits."  *Id.* (citation omitted).  "Similarly, a party who realizes, with the acuity of hindsight, that he failed to present his strongest case at trial, is not entitled to a second opportunity by moving to amend a finding of fact or a conclusion of law."  *Id.*

Under Federal Rule of Civil Procedure 59(e), a court may "alter or amend judgment to correct a clear error of law or prevent manifest injustice."  *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (internal quotation marks omitted).  "Applying this standard, a district court should provide relief under Rule 59(e) only in rare cases."  *Tse v. New York Univ.*, No. 10-cv-7207 (DAB), 2016 WL 10907032, at *1 (S.D.N.Y. Oct. 13, 2016) (citing *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).  "[A] judgment in a civil case does not constitute 'manifest injustice' where the movant's arguments for relief

'were available to the [party] below and [the party] proffer[s] no reason for [its] failure to raise

the arguments.'" *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d

Cir. 2014) (quoting *In re Johns–Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014)).  Further, a

motion to alter or amend the judgment pursuant to Rule 59(e) is not "a substitute for appealing

from a final judgment." *Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989).

"Rule 52(b) and 59(e) are accordingly governed by similar and similarly demanding

standards." *Red Hook Container Terminal LLC v. South Pacific Shipping Co. Ltd.*, 15-cv-01483

(AJN), 2019 WL 4509025, at *2 (S.D.N.Y. Sept. 19, 2019).  "Nevertheless, the two rules have

distinct applications as Rule 52(b) provides a method to dispute underlying facts that resulted in

faulty factual findings or conclusions of law based on those facts, while Rule 59(e) provides for a

broad request for reconsideration of the judgment itself." *Endo Pharm. Inc. v. Amneal Pharm.,

LLC*, No. 12-cv-8060 (TPG), 2016 WL 1732751, at *2 (S.D.N.Y. Apr. 29, 2016).[4]

### B. Plaintiff's Rule 52(a) Argument Does Not Provide a Basis for Altering or Amending the Judgment

Plaintiff first argues that the Court's judgment should be altered because the Court failed

to sufficiently "explain the subsidiary facts and methodology underlying its damages awards for

pain and suffering and loss of consortium."  (Mem. at 6.)  With respect to the pain and suffering

award, Plaintiff argues that, while the Court "made a number of factual findings concerning the

pain and suffering Mr. Salazar endured," it "failed to articulate" a sufficient "connection"

---

[4] Plaintiff argues that the judgment should be altered to reflect that the $10,000 the Court awarded for medical expenses is actually for "out-of-pocket expenses not covered by insurance." (Mem. at 5-6.)  While the United States believes that these expenses can accurately be characterized as medical expenses, as they relate to Salazar's medical treatment, the United States does not oppose amending the judgment for the limited purpose of characterizing the expenses as "out-of-pocket expenses not covered by insurance," as the parties stipulated.  (Stip. ¶ 34; *see generally* Dkt. No. 123 (explaining distinction between out-of-pocket expenses and medical expenses covered by Medicare).)

between its factual findings and the damages it awarded.  (*Id.* at 6-7.)  Similarly, Plaintiff contends that the loss of consortium award is faulty because the Court did not rely on any specific facts other than that "Plaintiff was married to Salazar for many decades."  (*Id.* at 9.)  These arguments fail.

As an initial matter, Plaintiff does not challenge any of the factual findings relied upon by the Court in setting the amount of pain and suffering or loss of consortium damages, or identify any error or law.  Further, the arguments Plaintiff makes do not relate to the judgment itself, which simply awards damages in the specified amounts.  Accordingly, Plaintiff's Rule 52(a) argument, while an issue that could potentially be raised on appeal, it is not an appropriate basis to alter or amend the judgment under Rule 52(b) or Rule 59(e).  *See Red Hook Container Terminal*, 2019 WL 4509025, at *2; *Morser*, 715 F. Supp. at 517.

At any rate, Plaintiff is wrong that the Court's Memorandum Decision & Order fails to comply with Rule 52(a), which provides that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."  As discussed above, the Court made various factual findings in support of its pain and suffering award.  (Op. at 17-18.)  The Court also described the three cases it used as comparators, noting for each the delay in diagnosis, the length of time during which the decedent experienced pain and suffering after diagnosis, and the amount of pain and suffering damages awarded.  The pain and suffering awards in those cases, which were each based on their own specific set of factual findings, ranged from $700,000 (set by the court after finding the jury's award excessive) to $2,000,000 (in a jury trial).  (*Id.* at 18.)  Here, the Court settled on award of $850,000, which is within that range.

Plaintiff contends that the Court's decision is deficient, because, when the pain and suffering awards in the cases the Court cited are divided by the number of months between those plaintiffs' diagnoses and deaths, the amount awarded here is "far lower" than in those cases. (Mem. at 8.)  Plaintiff provides no support—either in the current motion or when first raised in her pretrial filings—for the proposition that the Court must arrive at a pain and suffering award in this manner, however, and failure to rely on such a calculation thus does not constitute a deficiency under Rule 52(a).

Further, this case bears no resemblance to *Henry v. Champlain Enterprises, Inc.*, 445 F.3d 610 (2d Cir. 2006), or *Malmberg v. United States*, 816 F.3d 185 (2d Cir. 2016), which Plaintiff cites.  For one thing, both decisions were issued on appeal—not, as here, in response to a motion to alter or amend a judgment.  In *Henry*, moreover, the Second Circuit vacated the district court's award for damages purportedly reflecting the value of an employee stock ownership plan, because the district court failed to provide any explanation of the methodology it used to arrive at that figure.  445 F.3d at 622.  Unlike an award for pain and suffering, the economic value of a stock ownership plan is subject to mathematical quantification.  *Compare Malmberg*, 816 F.3d at 198 ("[P]ersonal injury awards, especially those for pain and suffering, are subjective opinions which are formulated without the availability, or guidance, or precise mathematical quantification.").  Because the district court apparently found some error in each party's valuations of the plan, but it was not clear what those purported errors were, the Second Circuit was unable to evaluate whether the court's valuation was correct.  *Henry*, 445 F.3d at 622.

Although *Malmberg* involved a pain and suffering award, 816 F.3d at 197-98, it, too, does not support the relief sought be Plaintiff.  In setting the amount of the award in that case,

the district court simply made factual findings about the injuries the plaintiff had sustained; noted, without providing any citation, that "[t]he range in New York is normally between $500,000 and $1,500,000 dollars for a pain and suffering award"; and concluded that the court would "[t]herefore" award plaintiff $500,000 for past pain and suffering and $1,500,000 for future pain and suffering.  *Id.* at 198.  While the Second Circuit found the Court's rationale for its award insufficient, the district court's decision in *Malmberg* is not comparable to the decision in this case, in which the Court discussed specific decisions involving similar injuries and arrived at a damages figure within the range awarded in those cases.  (Op. at 18.)

While the Court provided fewer factual findings and less of an analysis with respect to Plaintiff's loss of consortium award, as compared to the pain-and-suffering award, this is because Plaintiff failed to introduce any evidence of such damages at trial.  Further, loss of consortium damages, like pain and suffering damages, "do[ ] not lend [themselves] to neat mathematical calculation[s]," *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 209 (2d Cir.2010) (citation omitted), so the fact that such a calculation was not included does not render the decision deficient under Rule 52(a).

Accordingly, Plaintiff's Rule 52(a) argument fails.

### C.  There Is No Basis for Increasing the Court's Pain and Suffering Award

Plaintiff's arguments for substantially increasing the pain and suffering and loss of consortium awards are no more persuasive.

As noted above, Plaintiff contends that the Court's pain and suffering award should be increased substantially because, when the awards in the cases it cited are divided by the number of months between the plaintiff's cancer diagnosis and death, the damages figures in those cases are higher.  (Mem. at 17-18.)  This argument should be rejected.

Rule 52(b) and Rule 59(e) allow relief only to correct clear errors of fact or law or to prevent manifest injustice. *See ING Global*, 757 F.3d at 96; *Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. at 169. Plaintiff does not identify any error of fact or law, or any evidence the Court failed to consider in calculating the amount of pain and suffering damages. While it was appropriate for the Court to consider past awards in determining the amount of damages, moreover, the Court was not bound to adopt the damages figures awarded in those cases. *See In re Air Crash Near Nantucket Island*, 307 F. Supp. 2d 465, 469 (E.D.N.Y. 2004) ("Damage awards in analogous cases provide an objective frame of reference, but they do not control [the Court's] assessment of individual circumstances." (quoting *Moore v. M/V Angela*, 353 F.3d 376, 384 (5th Cir. 2003))). Here, Plaintiff goes a step further, contending that, not only do the comparator cases the Court discussed place a lower bound on the appropriate damages figure in this case, but the damages awarded in those cases must be compared on a per-month basis after the point of diagnosis. Plaintiff provides no support for the proposition that any other method of calculation constitutes manifest injustice or clear error. Indeed, there is no indication that the damages awards in the three cases the Court cited were even calculated on that basis. *See Mann v. United States*, 300 F. Supp. 3d 411, 421 (N.D.N.Y. 2018) (discussing awards in two other cases and arriving at single figure of $1,250,000); *Mandel v. N.Y. Cty. Public Admin.*, 29 A.D.3d 869, 870 (2d Dep't 2006) (jury awarded $2 million for pain and suffering); *Olsen v. Burns*, 267 A.D.2d 366 (2d Dep't 1999) (concluding that jury's pain and suffering award was excessive and lowering it from $1,146,000 to $700,000, without providing any calculation). The fact that Plaintiff would have chosen to compare the awards in those cases to this case in a manner more favorable to Plaintiff than the Court did does not render the Court's decision erroneous or a

10

manifest injustice.[5]  Plaintiff's argument is even less persuasive because Plaintiff not only could

have, but did, suggest her proposed methodology in pretrial briefing.  *See Local 1804-1, Int'l

Longshoremen's Ass'n*, 831 F. Supp. at 169 (a motion to amend should not be employed "to

relitigate old issues" or "to secure a rehearing on the merits").

Because Plaintiff has identified no error of fact or law or manifest injustice that could

justify relief under Rule 52(b) or 59(e), her motion to alter the amount of pain and suffering

damages should be denied.

### D.  There Is No Basis For Increasing the Court's Loss of Consortium Award

With regard to the loss of consortium award, Plaintiff first contends that the Court

"erroneously concluded" that Plaintiff did not indicate how much she was seeking.  (Mem. at

12.)  In fact, as discussed above, while Gonzalez indicated that she was seeking $2 million in

total for herself, she did not specify an amount for loss of consortium.  Further, Plaintiff's pre-

trial filings did not go into any detail regarding her claim for loss of consortium.  (Dkt. No. 104.)

Even if Plaintiff did specify how much she was seeking for loss of consortium, moreover, the

Court's statement to the contrary would not warrant amending the judgment because, in the

absence of any evidence on the subject, Plaintiff's assertion as to how much she was seeking

could not have established her entitlement to that amount.

Next, Plaintiff argues that the Court erred in concluding that Plaintiff failed to elicit

testimony on the issue of loss of consortium.  Plaintiff's counsel himself previously conceded

---

[5] For example, the Court discussed both the length of the delay in diagnosis in each case and the
length of time between the actual diagnosis and the plaintiff's death (Op. at 18), while Plaintiff
focuses only on the period of time between diagnosis and death (Mem. at 10).  The delay in
diagnosis in this case—ten months—was substantially shorter than in *Mann*, 300 F. Supp. 3d at
420 (38 months); *Mandel*, 29 A.D.3d at 871 (29 months); and *Olsen*, 267 A.D.2d 366 (17
months), which may in part explain why the Court chose the figure it did.

that he failed to elicit any such testimony, however.  (*See* Dkt. No. 113.)  Plaintiff now attempts

to argue that the Court erred in failing to consider Gonzalez's (very limited) deposition testimony

on the subject.[6]  Plaintiff in fact attempted to introduce that testimony via a June 25, 2019, letter,

but subsequently withdrew that motion.  (Trial Tr. at 138:8-17.)  Having voluntarily withdrawn

the motion, Plaintiff cannot now claim that the Court erred in failing to consider the testimony.

At any rate, as the United States explained at the point Plaintiff attempted to introduce the

testimony, and as the Court alluded to when the issue was discussed during trial, Plaintiff's

deposition testimony is not admissible to supplement her testimony at trial.  (*See* Dkt. No. 114

(citing case law); Trial Tr. at 138:8-17.)

Plaintiff also argues that "the Court's conclusion . . . is indicative of an erroneously

narrow view of loss of consortium as relating exclusively to dwindling sexual relations."  (Mem.

at 14.)  Nothing in the Court's opinion, however, suggests that it viewed loss of consortium in

that way.  And again, regardless of how narrowly or expansively loss of consortium is viewed,

Plaintiff's counsel previously acknowledged his failure to introduce evidence on the issue.

Finally, the cases Plaintiff cites do not provide any basis for arbitrarily increasing the

Court's award from $50,000 to $1 million.  These cherry-picked jury verdicts do not provide any

explanation of the figures awarded, and it appears from the limited descriptions available in the

jury verdicts database Plaintiff cites that the awards may actually be for loss of services rather

---

[6] Plaintiff also cites a few lines of Gonzalez's testimony at trial that he suggests bear on the issue.  If anything, however, that testimony suggests that Gonzalez and Salazar did not suffer a decrease in intimacy.  (*See* Trial Tr. at 100:2-10 (Q:  "Did you and [Mr. Salazar] have an intimate relationship?  A:  "Oh, yeah, still going on.").)

than loss of consortium.[7] *See Griffin v. Wang, M.D., v. Berger, M.D.*, Index No. 307/93, JVR No. 150800, 1994 WL 812650 (N.Y. Sup. Ct., Nassau Cty. 1994) (award of $900,000 for loss of services; no award for loss of consortium); *Miller v. Lasala*, Index No. 112084/99, JVR No. 376370, 2000 WL 1204414 (Unknown N.Y. State Court 2000) (alternately referring to $5.2 million award as for loss of services and loss of consortium); *Proper v. Women Gynecology and Childbirth Associates, P.C.*, Index No. 5568/95, JVR No. 208455, 1997 WL 743888 (N.Y. Sup. Ct., Monroe Cty. 1997) (alternately referring to $500,000 award as for loss of services and loss of consortium); *Reisner v. Taverna*, Index No. 9623/91, NR No. 157049, 1995 WL 536817 (N.Y. Sup. Ct., Nassau Cty. 1995) (alternately referring to $408,000 award as for loss of services and loss of consortium); *Estate of Smith v. Hansen*, Index No. 88/80, JVR No. 118318, 1992 WL 550473 (N.Y. Sup. Ct., Madison Cty. 1992) (alternately referring to $250,000 award as for loss of services and loss of consortium).  In other cases, moreover, loss of consortium awards have been substantially lower and more in keeping with the amount awarded in this case.  *See, e.g.*, *Mann*, 300 F. Supp. 3d at 422 (award of $20,000 for loss of consortium for approximately 20 months).

As with the pain and suffering award, Plaintiff has not identified any manifest injustice or clear error that would justify relief under Rule 52(b) or 59(e).  Accordingly, the motion should be denied.

---

[7] Any claim for loss of society or consortium is limited to the period before Mr. Salazar's death, because under New York law a wrongful death claim encompasses only pecuniary injuries.  *See Gonzalez v. N.Y.C. Housing Auth.*, 77 N.Y. 2d 663, 667-68 (1991).  By contrast, a claim for loss of services is pecuniary in nature.  *Zavaglia v. Sarah Neuman Ctr. for Healthcare & Rehabilitation*, 883 N.Y.S.2d 889, 892-93 (Sup. Ct. Westchester Cty. 2009).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to alter and amend the judgment should be

denied.


Dated:    May 7, 2020
          New York, New York

                                  Respectfully submitted,

                                  GEOFFREY S. BERMAN
                                  United States Attorney for the
                                  Southern District of New York
                                  *Attorney for the Defendant*

                    By:    /s/ Rachael L. Doud
                           RACHAEL L. DOUD
                           ANTHONY J. SUN
                           Assistant United States Attorneys
                           86 Chambers Street, 3rd Floor
                           New York, New York 10007
                           Tel.:  (212) 637-3274 / 2810
                           Fax:  (212) 637-2786
                           rachael.doud@usdoj.gov
                           anthony.sun@usdoj.gov